**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-01581-JLK

**BARBARA FAYEULLE**,
**MATTHEW GENTRUP**,
**CAROL A LIETZ**,
on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**CIGNA CORPORATION**,
**CONNECTICUT GENERAL LIFE INSURANCE COMPANY**,
**CIGNA HEALTH AND LIFE INSURANCE COMPANY**,
**COLUMBINE CHIROPRACTIC PLAN, LLC**, d\b\a Columbine Health Plan,
**AMERICAN SPECIALTY HEALTH INCORPORATED**,
**AMERICAN SPECIALTY HEALTH GROUP, INC.**,

Defendants.

---

# MEMORANDUM OPINION AND ORDER ON MOTIONS TO DISMISS

---

**Kane, J.**

## Introduction

Defendant Cigna contracted with Defendants ASH and Columbine to provide their insureds access to a network of chiropractors, as well as claims processing services, in exchange for an administrative fee. Plaintiffs are members of Cigna insurance plans who obtained chiropractic services from ASH or Columbine and who allege that Cigna improperly characterized the administrative fee it owed its subcontractors as a medical expense, thereby causing Plaintiffs to pay it. Plaintiffs bring two claims under RICO and

two claims under ERISA against Defendants, who have moved to dismiss. I grant the motions in part and deny in part.

## Background

Fayeulle and Gentrup are currently insured by Cigna, and Lietz was insured by Cigna until December 31, 2013. Doc. 36 at ¶¶ 4-6. Fayeulle and Lietz's plans are covered by ERISA, whereas Gentrup's plan is not. *Id*. Cigna maintains a contractual relationship with Defendants ASH and Columbine, as well as with other subcontractors, under which the subcontractors maintain a network of chiropractic providers and perform claim processing for insureds in exchange for an administrative fee from Cigna. *Id*. at ¶¶ 27-32. The gist of Plaintiff's allegations is that Cigna misleadingly characterizes the administrative fee it owes these subcontractors as a medical expense charged by Plaintiffs' providers, both in Explanations of Benefits (EOBs) issued by Cigna to Plaintiffs, and in compensation summaries issued by ASH and Columbine to their providers, in order to collect the fee from Plaintiffs and their insurance plans. *See id*. at ¶¶ 27-38. For example, Fayeulle received care from her chiropractor in Columbine's network on May 8, 2013, and received an EOB from Cigna indicating that the "Amount Billed" was $55, the entirety of which was paid from her Health Savings Account (HSA). *Id*. at ¶¶ 63-67. In fact, Columbine paid Fayeulle's provider $45, and the additional $10 was the administrative fee that Cigna owed to Columbine. *Id*. Similarly, Gentrup received allegedly misleading EOBs regarding chiropractic services obtained in Columbine's network in 2011. *Id*. at ¶¶ 75-80. Lietz had a similar experience with a chiropractor in ASH's network in 2012. *Id*. at ¶¶ 85-88.

Plaintiffs bring two claims for relief against Defendants under RICO and two claims under ERISA as a class action, alleging that Defendants engaged in a pattern of racketeering activity by misrepresenting the subcontractors' administrative fees under 18 U.S.C. § 1962(c) & (d) (Counts I & II), and violated their fiduciary duties under ERISA under § 1132(a)(1)(B), (a)(2), and (a)(3) (Counts III & IV). *See id*. at ¶¶ 100-129. Defendants Cigna, ASH, and Columbine have each moved to dismiss. *See* Docs. 46, 48, & 49. Defendants' motions are granted in part and denied in part as discussed below.

## <u>Analysis</u>

### I. Claims Against Other Subcontractors

In addition to Columbine and ASH, Plaintiffs also bring their claims against other unnamed subcontractors with whom Cigna allegedly had similar relationships. *Id*. at ¶ 1; *see also id*. at ¶¶ 89-91. However, the named Plaintiffs allege injuries caused only by Columbine and ASH. *See id*. at ¶¶ 51-88. Defendants argue that the claims against unnamed subcontractors should be dismissed because Plaintiffs lack standing to bring claims against subcontractors with whom they had no interaction, and because claims against the unnamed subcontractors do not satisfy the notice pleading requirements of Rule 8. *See* Doc. 46 at 7-9. Plaintiffs respond that whether they can pursue their claims against other unnamed subcontractors should be resolved at the class certification stage. *See* Doc. 51 at 14-15. I find Plaintiffs do not have standing to pursue claims against other unnamed subcontractors with whom they had no interaction. *See Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) (plaintiff cannot demonstrate standing to challenge "conduct of another kind, although similar, to which he has not been subject"); *Plumbers' Union*

*Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 771 (1st Cir. 2011).

**II. RICO Claims – Counts I & II**

To state a RICO claim against Defendants, Plaintiffs must allege that they "(1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *BancOklahoma Mortg. Corp. v Capital Title Co.*, 194 F.3d 1089, 1100 (10th Cir. 1999). An association-in-fact enterprise under 18 U.S.C. § 1961(4) requires "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Plaintiffs bring their first RICO claim under 18 U.S.C. § 1962(c), which makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To survive a motion to dismiss, Plaintiffs must allege that the Defendants "participated in the operation or management of the RICO enterprise." *BancOklahoma*, 194 F.3d at 1100; *see Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (1962(c) liability requires defendant "participate in the operation or management of the enterprise itself"); *Tal v. Hogan*, 453 F.3d 1244, 1269 (10th Cir. 2006).

Defendants argue that Plaintiffs have failed to plead an association in fact or that Defendants "participated in the operation or management of the RICO enterprise"

because Plaintiffs' allegations describe only ordinary commercial relationships between Cigna, ASH, and Columbine. Doc. 46 at 10-11. Plaintiffs respond that they have alleged Cigna encouraged the Subcontractors to inflate charges to include their administrative fees, and then knowingly misrepresented those amounts in the EOBs that it issued. Doc. 51 at 14-15. As for Columbine and ASH, Plaintiffs allege that they purposefully included their administrative fees in their benefits calculations, and failed to disclose that Plaintiffs were being charged for those fees in the compensation summaries sent to providers. Doc. 52 at 17-18.

I find that Plaintiffs have not alleged that Defendants "participated or conducted the affairs of the enterprise" as required to state a claim under § 1962(c). With respect to ASH and Columbine, Plaintiffs allege that they included their administrative fees in the charges they submitted to Cigna, and that the "Compensation Summaries and Remittance Advice Forms" they sent to providers do not disclose the fees or the fact that the fees are being passed on to insured and their plans. *See* Doc. 36 at ¶¶ 33, 35, 42, 48-50. Plaintiffs also allege that Cigna and Columbine renegotiated the providers daily rate, and then required providers to repay that increase to them in the form of their administrative fee, such that the administrative fee was effectively collected from insured and their plans. *See id*. at ¶¶ 43-45. Although these actions may have failed to disclose the alleged fraud, and therefore benefitted the alleged enterprise, that is not enough to establish "operation or management" for the purposes of § 1962(c). *See BancOklahoma*, 194 F.3d at 1101-02 ("some part in directing the enterprise's affairs is required" as opposed to providing "regular services" or activities that defendants would have performed "in their normal

course of business”); *George v. Urban Settlement Servs.*, No. 13-CV-01819-PAB-KLM, 2014 WL 4854576, at *7 (D. Colo. Sept. 30, 2014) (plaintiffs must show defendants exercised discretion in directing the enterprise as opposed to simply performing acts that benefit the enterprise). Because Plaintiffs § 1962(c) claim fails, their § 1962(d) (Count II) claim is likewise dismissed. *See BancOklahoma*, 194 F.3d at 1103; *Tal*, 453 F.3d at 1270.

## III. ERISA Claims – Counts III & IV

### a. <u>Whether acts complained of are fiduciary</u>

Defendants argue that Plaintiffs have failed to allege that any of the acts complained of were taken in Defendants’ fiduciary capacity as necessary to allege an ERISA violation. Doc. 46 at 18-21; *see David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1131-32 (10th Cir. 2005). Defendants characterize the acts about which Plaintiffs complain as relating to “processing claims” and “calculating benefits,” which are defined by regulation to be “ministerial” and not fiduciary functions, *see* Doc. 46 at 18-19; 29 C.F.R. § 2509.75–8 (listing “[c]alculation of benefits” and “[p]rocessing of claims” as “purely ministerial functions”), or deciding “to contract directly with Columbine and ASH,” *see* Doc. 54 at 14, which they argue is a business decision that does not implicate their fiduciary obligations under ERISA. *See In re Luna*, 406 F.3d 1192, 1207 (10th Cir. 2005) (distinguishing a “mere[] business decision that has an effect on an ERISA plan” from the type of “management or administration of [a] plan [that] giv[es] rise to fiduciary concerns”).

Plaintiffs argue that their allegations "implicate Cigna's discretionary authority and its control over plan assets," Doc. 51 at 22, because Cigna had fiduciary discretion to determine whether Plaintiffs were entitled to particular benefits, *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 219 (2004) ("a benefit determination is part and parcel of the ordinary fiduciary responsibilities connected to the administration of a plan"), and because Cigna exercised control over plan assets, including Plaintiffs' HRA and HSA funds, which were used to pay administrative fees, Doc. 51 at 23-24.

I find that Plaintiffs have alleged that Defendants were performing fiduciary functions. The actions at the center of Plaintiffs' complaint are not Cigna's decision to contract with Columbine or ASH, determining whether Plaintiffs were entitled to particular benefits, or routine processing of claims or benefit amounts, but rather Defendants' decision to charge the administrative fees Cigna owed to Plaintiffs and their plans and then generate misleading EOBs characterizing those charges as "medical expenses." *See, e.g.*, Doc. 36 at ¶¶ 75-80. Read in the light most favorable to the Plaintiffs, these actions are neither "ministerial acts" nor "business decisions," but affirmative misrepresentations regarding Plaintiffs' benefits calculations and the use of plan assets to pay for them. *See Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996) ("To participate knowingly and significantly in deceiving a plan's beneficiaries . . . is inconsistent with the duty of loyalty owed by all fiduciaries and codified in section 404(a)(1) of ERISA."); *Owen v. Regence Bluecross Blueshield of Utah*, 388 F.Supp.2d 1335, 1338 (D. Utah 2005).

**b. <u>Whether Fayeulle & Lietz have standing</u>**

### i. <u>Fayeulle</u>

Defendants argue that Fayeulle lacks standing to seek monetary relief because she has already been reimbursed by Cigna for the administrative fees she paid, and lacks standing to seek prospective injunctive relief because she has not alleged any plans to visit a Columbine chiropractor again in the future. *See* Doc. 46 at 21. Plaintiffs respond that Ms. Fayeulle can recover interest on the money improperly withdrawn from her HSA account, that she seeks equitable relief such as recovering the surcharge and removing Defendants as plan administrators, and that Defendants' alleged ongoing breach of their fiduciary duties itself is sufficient to allow her to seek injunctive relief under § 1132(a)(2) and (a)(3). *See* Doc. 51 at 27-29.

I find that Fayeulle lacks standing to pursue equitable relief under § 1132(a)(2) or (3). In the first place, certain of Fayeulle's claims for equitable relief are really repackaged claims for monetary damages, i.e., the administrative fees that she alleges were improperly paid. *See* Doc. 36 at p. 38 (seeking "restor[ation] of monetary losses to the self-insured plans and insureds" and "a surcharge for the improper gains obtained in breach of Defendants' duties"); *Kendall v. Employees Ret. Plan of Avon Products*, 561 F.3d 112, 119 (2d Cir. 2009) ("[M]any of Kendall's claims are effectively claims for money damages outside the scope of § 1132(a)(3)."). To the extent that Fayeulle seeks such monetary equitable relief, including a "surcharge," restitution, or disgorgement, she is not entitled to such relief under § 1132(a)(2) without a demonstration of individual loss. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 608-09 (6th Cir. 2007) (requiring individual injury for relief under § 1132(a)(2)); *Cent. States Se. & Sw.*

*Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 200 (2d Cir. 2005); *Perelman v. Perelman*, 793 F.3d 368, 373 (3d Cir. 2015).

Fayeulle also argues that she is entitled to non-monetary equitable relief under § 1132(a)(3), including "clarifying her rights not to be charged [administrative] fees" and "removing Defendants as administrators of the plans," without demonstrating individual loss. *See* Doc. 51 at 28-29. Some authority supports the view that a demonstration of individualized loss is not a prerequisite to obtaining injunctive relief under § 1132(a)(3). *See, e.g.*, *Loren*, 505 F.3d at 610 ("Plaintiffs need not demonstrate individualized injury to proceed with their claims for injunctive relief under § 1132(a)(3); they may allege only violation of the fiduciary duty owed to them as a participant and beneficiary of their respective ERISA plans."); *A.F. ex rel. Legaard v. Providence Health Plan*, 300 F.R.D. 474, 480 (D. Or. 2013).

But there is contrary authority to the effect that a plaintiff must demonstrate injury in order to have standing to seek equitable relief under § 1132(a)(3). *See, e.g.*, *Kerber v. Qwest Pension Plan*, 572 F.3d 1135, 1149 (10th Cir. 2009) (rejecting the argument that plaintiffs "need not demonstrate actual harm in order to have standing to seek injunctive relief requiring a defendant to satisfy statutorily-created responsibilities" under ERISA); *Kendall*, 561 F.3d at 121 ("[Plaintiff] cannot claim that either an alleged breach of fiduciary duty to comply with ERISA, or a deprivation of her entitlement to that fiduciary duty, in and of themselves constitutes an injury-in-fact sufficient for constitutional standing.").

In this case, I find that Fayeulle has not established standing. The injury complained of is Defendants' allegedly misleading collection of administrative fees owed by Cigna to Columbine from Plaintiff and her ERISA plan. *See* Doc. 36 at ¶¶ 63-69. But Fayeulle has already been reimbursed by Cigna for all the administrative fees she paid, *id*. at ¶ 69, and although Cigna has indicated to Plaintiff that she will again be charged such fees should she visit a Columbine chiropractor in the future, *id*., she has not alleged any intention to do so. *See* Doc. 51 at 29. Under these circumstances, Fayeulle lacks standing and injunctive relief would not redress her injury. *See F.E.R. v. Valdez*, 58 F.3d 1530, 1534 (10th Cir. 1995) (in order to demonstrate standing for injunctive relief plaintiffs "must demonstrate a sufficient likelihood that they will again be harmed in a similar manner"); *Kerber*, 572 F.3d at 1149; *Kendall*, 561 F.3d at 121. Simply stated in an old fashioned way, this claim sounds in tort, not equity.

**ii. <u>Lietz</u>**

Lietz alleges that she improperly paid administrative fees owed by Cigna in 2012, although she no longer participates in a plan administered by Cigna. *See* Doc. 36 at ¶¶ 85-88; Doc. 51 at 30. The parties dispute whether she has standing to bring ERISA claims under Sections 502(a)(1)(B), 502(a)(2), and 502(a)(3).

1. <u>502(a)(1)(B)</u>

Cigna does not dispute that Lietz could bring a claim for benefits to recover the administrative fees she allegedly paid under § 502(a)(1)(B), but argues that she has not pled one, because her claims for relief describe breaches of fiduciary duty. *See* Doc. 46 at 22, Doc. 54 at 18; Doc. 36 at ¶¶ 128-129 (alleging that Defendants "violated their

fiduciary duties"). However, the Second Amended Complaint (SAC) also references a benefits claim under § 1132(a)(1)(B), *see* Doc. 36 at p. 37 (bringing Count IV under "29 U.S.C. § 1132(a)(1)(B), (a)(3), and/or 29 U.S.C. § 1104"); *id*. at ¶ 128. Reading the SAC as a whole, I find that a claim for benefits under § 502(a)(1)(B) has been alleged. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.").

Cigna also argues under *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1162 (10th Cir. 2004) that Lietz lacks standing to pursue claims under § 502(a)(1)(B) as a former plan participant. *See* Doc. 46 at 22. But in *Felix*, the Plaintiffs did not "claim that they [were] entitled to benefits under the terms of their plan as it existed at the time of their retirement," but rather sought damages "because they *would have been* participants [in their plan] but for Defendant's misrepresentations." *Id*. at 1162 (emphasis in original). Here, by contrast, Lietz does seek benefits under the terms of her plan that she would have received but for the Defendants' alleged misrepresentations.

Finally, ASH argues that Lietz has not alleged a claim for benefits due to her because the fees were paid with plan assets, and although Lietz alleges that improper charging of the fees could cause plan limits to be reached more quickly, she does not allege that she ever reached those limits. *See* Doc. 48 at 23; Doc. 36 at ¶¶ 37, 87. But Lietz alleges that she because she had not met her deductible, she was responsible for the entirety of the charges at issue, which were paid out of her HSA account. Doc. 36 at ¶¶ 23, 37, 87. The SAC does not make it entirely clear whether the funds in Lietz's HSA

account were contributed by her or her employer, *see* Doc. 36 at ¶¶ 23-24, 37, but either way, these were funds that Lietz could have retained and used to pay other medical expenses but for Defendants' allegedly fraudulent conduct. Accordingly, I find that Lietz has stated a claim for benefits "due to [her]" under § 502(a)(1)(B). *See Smith v. United HealthCare Servs., Inc.*, No. CIV. 00-1163 ADM/AJB, 2000 WL 1198418, at *3 (D. Minn. Aug. 18, 2000) (finding claim for inflated copayments properly brought under § 502(a)(1)(B)).

2. <u>502(a)(2)</u>

Because Lietz alleges that the improper administrative fees were applied to her deductible and paid from her HSA, *see* Doc. 36 at ¶¶ 87-88, she has not alleged any loss to her plan, and her claim under § 502(a)(2) fails. *See Hart v. Grp. Short Term Disability Plan For Employees of Cap Gemini Ernst & Young*, 338 F. Supp. 2d 1200, 1201 (D. Colo. 2004) ("[L]oss to the plan is an element of any claim under § [1132(a)(2)] and the remedy is recoverable only by or on behalf of the plan, and not beneficiaries of the plan individually."); *Walter v. Int'l Ass'n of Mach. Pension Fund*, 949 F.2d 310, 317 (10th Cir. 1991).

3. <u>502(a)(3)</u>

Because Lietz has an adequate remedy under § 502(a)(1)(B) as discussed above, her claim under § 502(a)(3) is dismissed. *See Lefler v. United Healthcare of Utah, Inc.*, 72 Fed.Appx. 818, 826 (10th Cir. 2003); *Fulghum v. Embarq Corp.*, No. CIV. A. 07-2602-KHV, 2008 WL 5109781, at *10 (D. Kan. Dec. 2, 2008), *aff'd*, 778 F.3d 1147 (10th

Cir. 2015) ("Under *Varity* and *Lefler*, plaintiffs cannot assert a claim under Section 502(a)(3) if Section 502(a)(1)(B) provides adequate relief for the alleged injury.").

## Conclusion

For the reasons given above, Defendants' Motions to Dismiss (Docs. 46, 48, & 49) are **GRANTED IN PART** and **DENIED IN PART** as discussed herein. In light of the filing of the SAC, the earlier motions to dismiss filed by Cigna and Columbine (Docs. 28 & 31) are **DENIED AS MOOT**. In particular, Counts I, II & III are dismissed in their entirety. Plaintiffs Fayeulle and Gentrup and Defendant Columbine are dismissed as parties to this action. Plaintiff Lietz may pursue a ERISA claim for benefits under § 502(a)(1)(B) against the remaining Defendants (Count IV).

Dated: June 29, 2016

***s/ John L. Kane***
Senior U.S. District Judge